IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| HUGO ROMERO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:25-cv-00788-HEH |
| | ) |
| JEFFREY CRAWFORD, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**
**(Ordering Petitioner's Signature or Next of Friend Showing)**

THIS MATTER is before the Court on Hugo Romero's ("Petitioner") submission of a petition under 28 U.S.C. § 2241. Petitioner is a federal detainee with counsel and has paid the full filing fee. In an order accompanying this memorandum opinion, the Court directs Petitioner to submit within twenty-one (21) days of the date of entry thereof a petition that complies with Rule 2(c)(5) of the Rules Governing § 2254 Cases in U.S. District Courts. The reasons for this order are set forth in the memorandum opinion below.

Rule 2(c)(5) of the Rules Governing Section 2254 Cases requires that petitions pursuant to 28 U.S.C. § 2254 "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing § 2254 Cases in U.S. District Courts, Rule 2(c)(5). The Advisory Committee Notes to Rule 2(c) explain: "The Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to

sign the petition on behalf of the petitioner." *Id.*, Advisory Committee Notes, 2004 Amend. "'[A] next friend does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest.'" *Hamdi v. Rumsfeld*, 294 F.3d 598, 603 (4th Cir. 2002) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "[T]he availability of next friend standing as an avenue into federal court is strictly limited." *Id.*

To establish "next friend" standing, (1) the "'next friend must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action,'" and (2) the "next friend" must also establish that he is "'truly dedicated to the best interests of the person on whose behalf he seeks to litigate'" and has "'a significant relationship with the real party in interest.'" *Id.* at 603–04 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 163-64 ). "'The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.'" *Id.* at 603 (quoting *Whitmore*, 495 U.S. at 164).

Petitioner's current submission fails to include petitioner's signature. Additionally, it does not demonstrate that counsel qualifies as a "next friend" and again fails to comply with Rule 2(c)(5). Accordingly, Petitioner is DIRECTED to submit, within twenty-one (21) days of the date of entry hereof, a petition complying with Rule 2 or argument as to why counsel should qualify as a "next friend." Failure to comply with this order shall result in dismissal of the action. *See* Fed. R. Civ. P. 41(b).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct. 16, 2025
Richmond, Virginia